## CASTLEBERRY AND COLLINS v. FENNELL.

1. Where a bill single is described in the declaration, as made and delivered to
the plaintiff, by the name and description of J. D. F. agent for G. A. K. or bear-
er, *the suit is properly brought, and the words agent, &c. will be considered
merely as descriptio persona.*

WRIT of Error to the Circuit Court of St. Clair.

Action of debt by Fennell against Castleberry and Collins,
on a bill single, alledged to have been made and delivered to
the plaintiff by the name and description of John D. Fennell,
agent for G. A. Kelly.

The defendant suffered judgment to go by default, and it is
entered for the proper sum, but in damages instead of debt.

The errors complained of are—

1. That the plaintiff shows the legal interest in the debt is in
another.

2. That judgment is given for more damages than are claim-
ed by the declaration.

MOODY, for the plaintiffs in error, cited 21 Wend. 110; *9 id.*
44; 2 id. 158; 10 id. 156; 10 Johns. 387; 6 id. 94.

As to the damages, Derrick v. Jones, 1 Stew. 18; Johnson
v. Kelly, 2 id. 490; id. 225, and cases there cited.

STONE, for defendant in error.

GOLDTHWAITE, J.—If the bill single is as described in
the declaration, there is nothing more clear than that the words
agent, &c. after the obligees name, must be considered as mere-
ly descriptive of the person, and not as investing Kelly with
any legal interest in the contract. [Buffum v. Chadwick, 8
Mass. 109.]

The question as to the manner in which the judgment is en-
tered, was settled in this Court adversely to the plaintiffs in

error as long ago as Briggs v. Greenlee, Minor 123, when it was held to be entirely immaterial whether the judgment is in debt or damages, if it be for the proper sum.

Judgment affirmed.